**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR McCRORY, | : | |
| Petitioner, | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | No. 95-338 |
| | : | |

## MEMORANDUM AND ORDER

Schiller, J.                                                                December 23, 2008

Petitioner Lamar McCrory brings this Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C., §1651.  The petition includes two claims for relief.  Petitioner first asserts that he was only recently informed, by his former counsel, of a plea offer extended by the government.  He also contends that he only recently learned, during the same conversation with his former counsel, that he "would have been able to enter an open-plea without any plea bargain."  As his second claim for relief, Petitioner claims that a key government witness was under hypnosis during his trial and that the government withheld this information.

## I.        BACKGROUND

On June 25, 1996, a jury found Petitioner guilty of conspiracy to commit armed bank robbery, armed bank robbery, and carrying and using a firearm during a crime of violence. The Court of Appeals affirmed this judgment on July 22, 1997.  Pursuant to 28 U.S.C. § 2255, Petitioner filed a habeas petition, which was denied on July 23, 1998.  On March 7, 2000, the Honorable James Giles denied Petitioner's Motion to Vacate the Judgment of Conviction, brought pursuant to Rule 60(b).  On January 23, 2003, Petitioner filed a letter motion for relief

from judgment, which was denied.  In denying this motion, the District Court declared: "By filing the instant petition under Fed. R. Civ. P. 60(b)(6), petitioner seeks to circumvent the statutory bar against second or successive habeas petitions."  A separate letter motion, seeking an evidentiary hearing, was denied on February 19, 2003, with the District Court noting that the motion "makes the same argument as his [Petitioner's] motion pursuant to 28 U.S.C. § 2255, denied July 24, 1998; motion pursuant to Rule 60(b), denied March, 2000; and letter motion for relief from judgment, denied January 24, 2003."  The Third Circuit, on January 31, 2006, denied Petitioner's application to file a second or successive § 2255 motion.  On April 23, 2007, the Court of Appeals denied another application by Petitioner to file a second or successive § 2255 motion.

On April 24, 2008, Petitioner filed the instant petition.  This case was subsequently reassigned from Judge Giles to this Court on October 16, 2008.  In order to properly review the instant Petition, this Court requested a copy of the case file, which was not retrieved from archives until December 19, 2008.

## II.   DISCUSSION

### A.     The Writ of *Audita Querela*

*Audita Querela*, Latin for "the complaint having been heard," represents an ancient writ used to challenge a judgment that, while justified at the time it was rendered, has been placed in question by subsequently discovered evidence or by a new legal defense.  BLACK'S LAW DICTIONARY 141 (8th ed. 2004); *see also United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).  The Federal Rules of Civil Procedure have abolished this writ in the civil context.  FED.

2

R. Civ. P. 60(e).

It is unclear whether the writ of *audita querela* remains applicable, under the All Writs Act, in the criminal context. 28 U.S.C. § 1651(a). The All Writs Act provides federal courts with the power "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 40 (1985) (quoting *United States v. N.Y. Tel. Co.,* 434 U.S. 159, 172  (1977)).

In an unpublished opinion, the Third Circuit observed "that there is support for the general proposition that common law writs such as *audita querela* can be employed to 'fill the gaps' in post-conviction remedies." *Shelton v. United States*, 201 F. App'x 123, 124 (3d Cir. 2006) (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077 (9th Cir. 2001)); *see also United States v. Hannah*, 174 F. App'x 671, 673 (3d Cir. 2006). Nonetheless, *Hannah* and other unpublished Third Circuit decisions have declared that no such gap exists when a claim is cognizable under 28 U.S.C. § 2255. *See, e.g., Hannah*, 174 F. App'x at 673; *United States v. Paster*, 190 F. App'x 138, 139 (3d Cir. 2006).

In *Paster*, the Third Circuit agreed with the Ninth Circuit's holding "that '[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs' such as *audita querela*." *Paster*, 190 F. App'x at 139 (quoting *Valdez-Pacheco*, 237 F.3d at 1077). In this same opinion, the Third Circuit cited approvingly to an Eleventh Circuit decision holding that *audita querela* was unavailable when relief is cognizable under § 2255. *Id.* (citing *Holt*, 417 F.3d at 1175); *see also Shelton*, 207 F. App'x at 124 ("For claims that are

3

cognizable in a § 2255 motion, the writ of *audita querela* is not available.").  As the Eleventh Circuit noted in *Holt*, "[t]he Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have determined likewise that a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2255 or *coram nobis* motions." *Holt*, 417 F.3d at 1175 (citations omitted); *see also Valdez-Pacheco*, 237 F.3d at 1079-80 (agreeing with Fifth, Seventh and District of Columbia Circuits that *audita querela* is not available to challenge a conviction when § 2255 is available).[1]

Thus, Petitioner may not disguise his successive habeas petition as one seeking relief pursuant to the writ of *audita querela*.  *See United States v. Reaves*, 177 F. App'x 213, 213 (3d Cir. 2006) ("A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence."); *United States v. Coleman*, 1662 F. App'x 163, 164 (3d Cir. 2006) (same); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.").

###  B.    Petitioner McCrory's Claims

Petitioner's first claim for relief contends that he was denied the effective assistance of counsel because his attorney failed to convey to him a plea offer. (Pet. at 3.)  He also asserts that

---

[1] Since the Petitioner in the case before this Court is still in custody, relief is not available to him through the writ of *coram nobis*, which "has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Baptiste* 223 F.3d 188, 189 (3d Cir. 2000) (citing *United States v. Stoneman,* 870 F.2d 102, 105-06 (3d Cir.1989)).

4

his attorney failed to advise him regarding the "option of a plea without a plea bargain." (*Id.* at 1.)  Petitioner alleges that he only recently became aware of both these failures during a conversation with his former attorney.  (*Id.*)

Petitioner correctly notes that his "claim of newly discovered evidence after trial" should be addressed to a Circuit Court, in accordance with the procedures outlined in 28 U.S.C. § 2244 for bringing a second or successive habeas petition. (Pet. at 2.)  As Petitioner also acknowledges, this provision permits the Circuit Court to grant a second habeas petition only when the newly discovered fact that underlies the petition, if proven, would suffice to establish a petitioner's actual innocence.  28 U.S.C. § 2244(b)(2)(B)(ii).  Given these legal realities, Petitioner contends that, since his claim would not justify the granting of permission to file a second habeas petition and therefore would not be heard on the merits, "this vehicle of the writ of *audita querela* is most appropriate to fill the gap left open by the post-conviction restrictions of the Anti-Terrorism and Effective Death Penalty Act of 1996."  (Pet. at 3.)

This Court rejects Petitioner's argument.  To declare that the restrictions in AEDPA, which would likely prevent Petitioner from bringing his claims under § 2255, create a gap that merits this Court's application of the common law writ of *audita querela* would merely serve to circumvent the intent of Congress.  Such is not the prerogative granted this Court by the "gap-filling" powers of the All Writs Act.

Petitioner's second claim asserts that the Government's key witness was under hypnosis during the trial and the Government failed to apprise Petitioner and the trial judge of this fact. Petitioner's account of this claim, which states that his counsel "attempted to get into medical

5

questions" with the witness that would have shown she was under hypnosis, indicates that this claim does not rely upon any newly discovered evidence.  (Pet. at 4.)  As such, Plaintiff should have raised this claim either during his appeal or in his initial § 2255 motion.  But even if this claim relied upon newly discovered evidence, it would still not be an appropriate basis for relief through the writ of *audita querela*, for the reasons outlined in reference to Petitioner's first claim.

## IV.    CONCLUSION

Although Petitioner believed that the writ of *audita querela* would offer a new path to relief, *fallaces sunt rerum species.*[2]  For the foregoing reasons, Petitioner's Motion for Relief Pursuant to the Writ of Audita Querela must be denied.  An appropriate Order follows.

---

[2]  The appearance of things are deceptive.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMAR McCRORY,** | : | |
| **Petitioner,** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **No. 95-338** |
| | : | |

**ORDER**

**AND NOW**, this **23th** day of **December, 2008**, upon consideration of Petitioner's

Petition for Relief Pursuant to the Writ of Audita Querela, 28 U.S.C., §1651 (Doc. No. 280) and

for the foregoing reasons, it is hereby **ORDERED** that the Petition is **DENIED**.

BY THE COURT:

_____

Berle M. Schiller, J.